IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEJANDRO HUITRON MARTINEZ, | : | CIVIL ACTION NO. |
| GDC ID # 1000953289, | : | 1:16-CV-01609-TWT-JSA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, | : | PRISONER MANDAMUS |
|     Defendant. | : | 28 U.S.C. § 1361 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, a Georgia inmate, submitted a Motion to Dismiss Attorney on May 13, 2016, which the Clerk docketed on May 18 as this 28 U.S.C. § 1361 mandamus action. (Doc. 1). Plaintiff has neither paid the $400.00 filing and administrative fees for this action nor sought leave to proceed *in forma pauperis* ("IFP"). On May 23, the Court ordered Plaintiff to submit the fees within 21 days or to file a financial affidavit seeking leave to proceed IFP, and warned Plaintiff that his failure to do so might result in the dismissal of this action. (Doc. 2). To date, Plaintiff has done neither.

But on June 21, Plaintiff submitted a motion for "clarification," in which he suggests that he needs "time to file other motions in the [state] Jurisdictions that can give him relief before he proceeds to file a prisoner mandamus" in this Court. (Doc. 3 at 2). The Court construes Plaintiff's motion for clarification as a motion to

voluntarily dismiss this action because Plaintiff's Motion to Dismiss Attorney (Doc. 1) was inadvertently docketed as a mandamus action. *See* Fed. R. Civ. P. 41(a).

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED without prejudice** because Plaintiff did not intend to file a civil action at this time.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 28th day of June, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE